UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE LLOYD III, | No. C-11-4902 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |
| MICHAEL J. ASTRUE, | |
| Defendant. | **(Docket No. 31)** |

## I. INTRODUCTION

Pending before the Court is Plaintiff's motion for attorney fees under the Equal Access to Justice Act. 28 U.S.C. § 2412(d). In this Social Security appeal, the Court granted Plaintiff's motion for summary judgment and remanded the case in an order dated February 8, 2013. Plaintiff now requests $14,020.61 in fees and $25.46 in costs. Defendant does not dispute that Plaintiff is entitled to fees, but contends that the fees requested are excessive, and challenges the propriety of Plaintiff's assignment of fees to his attorney.

## II. FACTUAL & PROCEDURAL BACKGROUND

In May or June of 2007, Plaintiff filed an application for disability insurance and Supplemental Security Income ("SSI") benefits. Docket No. 29 at 2.[1] The Social Security Administration denied Plaintiff's application, and then later denied a request for reconsideration. *Id.* He appealed this denial, and a hearing was held in front of an Administrative Law Judge on August

---

[1] Except as otherwise noted, all facts are taken from this Court's February 8, 2013 order granting Plaintiff's motion for summary judgment.

24, 2009. *Id.* On December 4, 2009, the ALJ issued a decision finding that Plaintiff was not disabled pursuant to the Social Security Act because he was able to perform past relevant work as a delivery driver. *Id.* at 3. Plaintiff filed an administrative request for review, which was denied on August 5, 2011. *Id.*

Plaintiff filed a petition for review with this Court on October 4, 2011, and the parties filed cross motions for summary judgment. On February 8, 2013, this Court issued an order granting Plaintiff's motion for summary judgment, denying Defendant's cross motion for summary judgment, and remanding the matter for reconsideration. Docket No. 29. In his motion, Plaintiff raised three main arguments: (1) that the ALJ failed to properly develop the record; (2) that the ALJ did not conduct a proper analysis of whether Plaintiff was capable of performing past employment; and (3) that the ALJ failed to provide analysis of Plaintiff's request to reopen past applications for benefits he had made prior to the 2007 application. *Id.* at 5. Plaintiff raised several alleged errors in support of each of the first two arguments. For example, he argued that the ALJ's analysis regarding Plaintiff's ability to perform his past employment as a delivery truck driver was flawed in that it (1) failed to account for his mental impairment limitations; (2) failed to incorporate new evidence from one of his doctors; (3) improperly discounted testimony by Plaintiff and Plaintiff's friends regarding Plaintiff's limitations; (4) improperly applied his retained functional capacity to his past relevant work experience. *Id.* at 9-15.

The Court rejected all of Plaintiff's arguments but one: that the ALJ had improperly applied his retained functional capacity to his past relevant work experience. *Id.* at 13-15. Plaintiff alleged three errors in the ALJ's analysis on this issue: (1) that the ALJ had failed to provide a function-by-function detailing of Plaintiff's past relevant work experience; (2) that there was a contradiction between the ALJ's findings on Plaintiff's inability to do medium duty work and the ALJ's conclusion that the Plaintiff could perform a job that the vocational expert had classified as medium duty; and (3) that the hypothetical presented to the vocational expert omitted some of Plaintiff's relevant limitations. *Id.* at 13. This Court rejected the first argument as based on a misreading of the applicable regulation, and the second as based on a misreading of the ALJ's opinion. *Id.* The Court agreed with Plaintiff, however, that the ALJ failed to provide information to the vocational

expert about Plaintiff's vision problems in his left eye. *Id.* at 13-15. The Court found that this failure was a reversible error because Plaintiff's vision problems could affect his ability to get a commercial driver's license and thus his ability to perform work as a delivery driver. *Id.* at 15.

Plaintiff brings the instant motion requesting $14,020.61 in fees for 90.2 hours of attorney time and 10.8 hours of paralegal time, as well as $25.46 in costs. Docket No. 31, 35 (corrected motion).

### III. DISCUSSION

Defendant does not contest that Plaintiff is entitled to recover fees an costs as a prevailing party within the meaning of 28 U.S.C. § 2412(d). Defendant disputes only the reasonableness of the fees requested, and the propriety of Plaintiff's assignment of fees to his counsel.

A. Reasonableness of Fees

Defendant argues that Plaintiff's request for $14,046.07 in fees is excessive, particularly in light of the fact that Plaintiff prevailed on only one of the many issues raised in his motion for summary judgment. Fees awarded to prevailing parties under the Equal Access to Justice Act must be "reasonable." 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). There is no dispute over the reasonableness of the hourly rate here, only over whether the number of hours Plaintiff's counsel spent on the cross motions for summary judgement was reasonable.

Specifically, Defendant objects that Plaintiff's counsel spent over 100 hours preparing a 25-page opening brief and a 13-page reply brief. Over 80 of those hours were spent on the opening brief. Defendant points out that only one paragraph in the opening brief deals with the issue on which Plaintiff ultimately prevailed – the question of whether the ALJ failed to include information about the impaired vision in Plaintiff's left eye when posing hypothetical situations to the vocational expert.

The Supreme Court has recognized that where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a

reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436; *see also Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (holding that *Hensley* applies to fee determinations under the Equal Access to Justice Act). This may be the case "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436. District courts considering whether to reduce a fee award in cases where the plaintiff experienced limited success must address two questions. *Id.* at 434. First, the court must consider whether the successful claims were related to the unsuccessful claims. *Id.* If the claims were based on different facts and legal theories, time expended on the unsuccessful claims will not be compensable. *Id.* at 434-35. Here, at least some of Plaintiff's unsuccessful claims have factual overlap with his successful claims, and in any case, the fee statement of Plaintiff's counsel does not distinguish between the issues in the hours billed for the motion for summary judgment. Second, even where the claims are interrelated, the court must consider whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* at 434.

The Court noted that district courts exercise considerable discretion in making determinations of whether time expended was excessive:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

*Id.* at 436. The Ninth Circuit, however, has held that where a district court imposes a cut in fees of more than 10%, it must provide a specific explanation of the cut beyond a simple finding that the time expended was "excessive." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135-36 (9th Cir. 2012) (holding that it was improper to reduce number of compensated hours from 60.5 to 41.1 through the application of a "de facto" cap limiting the amount of fees expended in a "routine" social security case).

In this case, Plaintiff did experience limited success on the merits in that he raised numerous arguments in his briefs, and was unsuccessful on all but one. Though Plaintiff's other arguments were by and large not frivolous, at least some of them were based on a misreading of the record or

4

the applicable law. Docket No. 29 at 13. Plaintiff's opening brief spends only one paragraph out of 25 pages on the issue on which Plaintiff was ultimately successful. Docket No. 18 at 19. On the other hand, other sections of Plaintiff's brief raised issues about the vision in his left eye that are at least arguably related to the issue on which he prevailed. *See* Docket No. 18 at 2-3, 10-11. In addition, Plaintiff's reply brief spent several pages on issues relating to the impact of his left eye vision impairment on his ability to perform the jobs identified by the vocational expert. Docket No. 25 at 1-2, 6-7. Further, as Plaintiff has secured the remand he sought in this case, it is possible that he will ultimately be awarded the benefits he seeks. While the fact that the case was remanded on only one of many possible grounds reduces the chances that Plaintiff will ultimately prevail, he may still be able to secure benefits

In addition to Plaintiff's limited success, Defendant argues that a reduction is justified because the 100-plus hours expended by Plaintiff's counsel is very high for this type of litigation. *See, e.g.*, *Palomares v. Astrue*, C-11-4515 EMC, 2012 WL 6599552 (N.D. Cal. Dec. 18, 2012) (finding that a request for 37.9 hours "is reasonably within the range generally permitted by other courts for this type of litigation"); *Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1080 (S.D. Cal. 2005) ("the Court finds the 53 hours billed reasonable in light of the relative complexity of this social security appeal" and the fact that plaintiff achieved "complete success"); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (finding that more than 55 hours expended on social security case was reasonable); *Penrod v. Apfel*, 54 F. Supp. 2d 961, 964 (D. Ariz. 1999) (holding 28.8 hours was a reasonable expenditure of time in a social security disability case); *Sorich v. Shalala*, 838 F.Supp. 1354, 1359 (D. Neb. 1993) (holding Plaintiff's counsel reasonably expended 41.25 hours in obtaining a remand); *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1215 (C.D. Cal. 2000) (finding Plaintiff entitled to EAJA fees for 37.25 hours); *Afanador v. Sullivan*, 809 F.Supp. 61, 66 (N.D. Cal. 1992) (granting EAJA motion for 22.3 hours of work performed by Plaintiff's attorney and 9.5 hours performed by attorney's clerk); *Hardy v. Callahan*, No. 9:96–CV–257, 1997 WL 12806, at * 10, n. 10 (E.D. Tex. 1997) (noting that "[t]he typical EAJA application in social security cases claims between thirty and forty hours"). At the hearing on this motion, Plaintiff's counsel argued that the high number of hours expended was justified because he did not represent Plaintiff at the

administrative level, making the process of reviewing the administrative record and writing the briefs more time consuming.

Defendant requests a reduction in fees to no more than $5,000, citing *Bender v. Astrue*, in which the court reduced fees for time spent on a brief by 50% where the brief mentioned the sole issue on which the plaintiff prevailed only briefly, and did not discuss it "with precision or particularity." C-10-05333-DMR, 2012 WL 113357 (N.D. Cal. Jan. 12, 2012). While the Court finds a reduction to be in order given Plaintiff's limited success and the unusually high number of hours expended, Defendant's request to cut Plaintiff's fees by more than 50% is too severe. While it is true that Plaintiff's opening brief spent only one paragraph on the issue on which Plaintiff prevailed, it did identify the issue quite clearly, unlike the brief at issue in *Bender*, and Plaintiff's reply brief discussed the issue further. Accordingly, the Court finds a 10% reduction in fees appropriate, but no more. Plaintiff is thus entitled to an award of $12,618.55 in fees and $25.46 in costs.

B.  Assignment of Fees to Plaintiff's Counsel

Defendant also argues that any fees must be awarded to Plaintiff, and not to his attorney. Plaintiff argues that because there has been no claim of an offset owed to the government, the Court should respect Plaintiff's assignment of fees to his counsel. In *Astrue v. Ratliff*, the Supreme Court held that under the EAJA, a fee award is ordinarily payable to the litigant and not the attorney. ––– U.S. ––––, ––––, 130 S. Ct. 2521, 2523 (2010). As this Court recently recognized, however, this does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government. *Palomares v. Astrue*, C-11-4515 EMC, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012) (citing *Ratliff*, 130 S. Ct. at 2529; *Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164 (D. Ariz. 2008) (finding the amount awarded, subject to any legitimate offset would then be paid directly to Plaintiff's council)). Plaintiff has attached an agreement for legal services in which he assigned all fee awards to his attorney, and the government has identified no debt owed by Plaintiff that would give rise to an offset. Payment is thus properly made to Plaintiff's counsel directly.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is **GRANTED** in part. Defendant shall pay $12,618.55 in fees and $25.46 in costs directly to Plaintiff's counsel pursuant to the agreement by which Plaintiff has assigned all fee awards to counsel.

This order disposes of Docket No. 31.

IT IS SO ORDERED.

Dated: July 16, 2013

_____
EDWARD M. CHEN
United States District Judge